# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEAON DAVIS,<br><br>      Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A, FANNIE MAE, TRANSUNION, LLC, EQUIFAX, INC, EXPERIAN INFORMATION SOLUTIONS, INC., CREDIT KARMA, INC., GRAY & ASSOCIATES, KARLA VEHR, ANTHONY NEHLS, and INNOVIS DATA SOLUTIONS, INC.<br><br>      Defendants. | Case No. 25-CV-1150-JPS<br><br>**ORDER** |
| DEAON DAVIS,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF WISCONSIN, WISCONSIN DEPARTMENT OF JUSTICE, WISCONSIN DEPARTMENT OF AGRICULTURE TRADE AND CONSUMER PROTECTION, and PUBLIC PROTECTION UNIT,<br><br>      Defendants. | Case No. 25-CV-1151-JPS<br><br>**ORDER** |

| | |
|---|---|
| DEAON DAVIS,<br><br>     Plaintiff,<br><br>v.<br><br>NELNET, INC., U.S. DEPARTMENT OF EDUCATION, EQUIFAX, INC., EXPERIAN, TRANSUNION, and INNOVIS,<br><br>     Defendants. | Case No. 25-CV-1152-JPS<br><br>**ORDER** |
| DEAON DAVIS,<br><br>     Plaintiff,<br><br>v.<br><br>GRAY & ASSOCIATES, LLP, KARLA VEHRS, ROBERT PIETTE, ANTHONY NEHLS, JUDGE LAVEY, and FOND DU LAC COUNTY CIRCUIT COURT CLERKS,<br><br>     Defendants. | Case No. 25-CV-1345-JPS<br><br>**ORDER** |
| DEAON DAVIS,<br><br>     Plaintiff,<br><br>v.<br><br>DOUGLAS R. EDELSTEIN,<br><br>     Defendant. | Case No. 25-CV-1346-JPS<br><br>**ORDER** |

| | |
|---|---|
| DEAON DAVIS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>FOND DU LAC COUNTY SHERIFF'S DEPARTMENT, DEPUTY DALLING, TYLER TIKKANEN, ED WENZEL, CITY OF FOND DU LAC POLICE DEPARTMENT, WILLIAM LAMB, and WINNEBAGO DRUG ENFORCEMENT TASK FORCE,<br><br>　　　　　　　Defendants. | Case No. 25-CV-1347-JPS<br><br><br>**ORDER** |
| DEAON DAVIS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN CREDIT ACCEPTANCE, LLC,<br><br>　　　　　　　Defendant. | Case No. 25-CV-1348-JPS<br><br><br>**ORDER** |

Plaintiff Deaon Davis ("Plaintiff"), a non-prisoner proceeding pro se, filed seven cases between August 4, 2025 and September 3, 2025. The cases filed in August pertain to consumer credit disputes, while those filed in September pertain to claims under 42 U.S.C. § 1983 for various violations of civil rights, save for her most recent filing, Case No. 25-CV-1348, which pertains to a consumer credit dispute as well. Within these two categories of cases, Plaintiff generally sues the same group of defendants with some exceptions. Specifically, Plaintiff has the following pending cases:

| Date Filed | Case Number | Disposition |
|---|---|---|
| 8/4/2025 | 25-CV-1150 | Pending |
| 8/4/2025 | 25-CV-1151 | Pending |
| 8/4/2025 | 25-CV-1152 | Pending |
| 9/3/2025 | 25-CV-1345 | Pending |
| 9/3/2025 | 25-CV-1346 | Pending |
| 9/3/2025 | 25-CV-1347 | Pending |
| 9/3/2025 | 25-CV-1348 | Pending |

The right of access to federal courts is not absolute. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). A federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the "inherent power to enter pre-filing orders against vexatious litigants." *Orlando Residence Ltd. v. GP Credit Co., LLC*, 609 F. Supp. 2d 813, 816–17 (E.D. Wis. 2009) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). "A filing restriction must, however, be narrowly tailored to the type of abuse, and must not bar the courthouse door absolutely." *Chapman v. Exec. Comm.*, 324 Fed. App'x 500, 502 (7th Cir. 2009) (citations omitted). "Courts have consistently approved

filing bars that permit litigants access if they cease their abusive filing practices," but have "rejected as overbroad filing bars in perpetuity." *Id.* (citations omitted); *Smith v. United States Cong.*, No. 19-CV-1001-PP, 2019 WL 6037487, at *9 (E.D. Wis. Nov. 14, 2019).

Under the circumstances presented by Plaintiff having filed seven cases within one month, the Court finds it appropriate to impose a filing bar limiting Plaintiff to proceeding with only two cases before this branch of the Court at any one time. Accordingly, the Court will order Plaintiff to file a letter with the Court within thirty days of this Order indicating which two of her seven pending cases (25-CV-1150, 25-CV-1151, 25-CV-1152, 25-CV-1345,25-CV-1346, 25-CV-1347,25-CV-1348) she would like to proceed. The remaining five cases will then be administratively closed subject to a motion to reopen after such time as the number of Plaintiff's pending cases falls below two. Plaintiff may move to modify or rescind this bar no earlier than five years after the date of this Order. *See Smith,* 2019 WL 6037487, at *11.

Accordingly,

**IT IS ORDERED** that Plaintiff Deaon Davis is **BARRED** from having more than two open cases before this branch of the Court; the Clerk of Court shall return **UNFILED** any new cases submitted by or on behalf of Plaintiff in violation of this Order; Plaintiff may move to modify or rescind this bar no earlier than five years after the date of this Order; and

**IT IS FURTHER ORDERED** that, consistent with the terms of this Order, Plaintiff must file a letter with the Court on or before **December 1, 2025** indicating which two of her seven pending cases before this Court (25-CV-1150, 25-CV-1151, 25-CV-1152, 25-CV-1345, 25-CV-1346, 25-CV-1347, 25-CV-1348) she would like to proceed.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge